IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES MUNSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 11-159-GPM** |
| | ) | |
| DONALD GAETZ, SHANNIS STOCK, | ) | |
| JEANNETTE COWAN, JIM WINTERS, | ) | |
| MENARD CORRECTIONAL CENTER | ) | |
| HEALTH CARE UNIT, WEXFORD | ) | |
| HEALTH SOURCES, INC., SUZANN | ) | |
| GRISWOLD, MICHAEL P. RANDLE, | ) | |
| BROCKHOUSE, DR. FAHIM, DR. | ) | |
| FEINERMAN, DR. FUENTENS, and | ) | |
| LILLARD, | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff James Munson, an inmate in Menard Correctional Center, brings this action for

deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and the Religious Land Use

and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.* Plaintiff is serving a life

sentence for murder. This case is now before the Court for a preliminary review of the complaint

pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon
> as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress
> from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
> or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or

>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**Additional Defendants**

As a preliminary matter, Plaintiff names several individuals in the body of his complaint whom it appears he intended to include as Defendants in this action.  However, they were omitted from the enumerated Defendants in the first section of the complaint.  The Clerk is **DIRECTED** to add the following as Defendants in this action:  Brockhouse (Food Service Supervisor), Dr. Fahim, Dr. Feinerman, Dr. Fuentens, and Lillard (Food Service Supervisor).

**The Complaint**

Plaintiff has been incarcerated since 1991, and has been housed at Menard Correctional Center ("Menard") since February 2003.  Based on his Buddhist religious beliefs (Doc. 1-6, p. 25), Plaintiff has been a vegetarian since 2000, and has followed a lacto-ovo-vegetarian[1] diet for approximately 11 years.  Plaintiff claims that he has become ill due to the high TVP/soy content in his diet, and that his health problems have become worse over time as he continued to consume high quantities of soy (Doc. 1, p. 12).  He also claims that staff have repeatedly failed to provide food items in accordance with the IDOC-issued menu and have reduced portion sizes, resulting in Plaintiff's minimal nutritional needs not being met.

As a result of the high soy content of Plaintiff's diet, the lack of adequate protein from other food sources, and the other deficiencies in the diet provided at Menard, Plaintiff asserts he has experienced significant weight loss (down to a weight of 141 pounds) including loss of muscle mass, strength, and endurance.  The severe digestive problems he attributes to the high soy consumption include irritable bowel syndrome; chronic diarrhea with occasional loss of bowel control; painful hemorrhoids from frequent bowel movements; gas and bloating; and severe stomach pain and debilitating abdominal cramps following nearly every meal.  In 2007, Plaintiff was diagnosed with gallstones and had his gallbladder removed, which he expected to alleviate his abdominal pain, but the pain has continued without relief.

Starting in August 2009, Plaintiff requested his medical providers to put him on a soy free diet, however, each doctor refused.  Plaintiff then removed himself from his religious vegetarian diet

---

[1] A lacto-ovo-vegetarian diet includes dairy products and eggs along with vegetables.  *See* OXFORD ENGLISH DICTIONARY, *available at* http://www.oed.com/.

in an attempt to reduce his soy intake. Plaintiff claims he had no alternative–because he could not afford to pay for food from the commissary, he had no choice but to break his vows and eat meat in order to avoid going hungry. Even after going off his vegetarian diet in an effort to cut down his soy intake, he often has had to eat TVP/soy or not eat at all. Based on the failure of Defendants to provide a vegetarian diet that Plaintiff can consume without causing the serious health problems he describes, he claims an infringement of his right to freely practice his religion by following the diet required by his religious beliefs.

Plaintiff claims that he has not been given any medication to relieve his severe stomach pain (Doc. 1, p. 20-21). He further complains that his grievances filed over the soy diet and lack of medical treatment were either never answered or were destroyed.

Plaintiff seeks compensatory, punitive, and nominal damages and injunctive relief, including that he be provided a soy free vegetarian diet and at least fifteen minutes to eat each meal, and medical testing to check for ill effects of soy consumption.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's thirty-five page *pro se* complaint into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

## Count 1 - Failure to Provide Nutritionally Adequate Vegetarian Diet

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic

human needs like food, medical care, sanitation, and physical safety. *See Rhodes,* 452 U.S. at 346;

*see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  In order to prevail on a

conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective

and subjective components applicable to all Eighth Amendment claims. *See Wilson v. Seiter,* 501

U.S. 294, 302 (1991); *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994).  The objective component

focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment.

*See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).  The objective analysis examines

whether the conditions of confinement "exceeded contemporary bounds of decency of a mature,

civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994).  The conditions must

result in unquestioned and serious deprivations of basic human needs or deprive inmates of the

minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981);

*accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821

F.2d 408, 416 (7th Cir. 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the

subjective component to an Eighth Amendment claim.  The subjective component of

unconstitutional punishment is the intent with which the acts or practices constituting the alleged

punishment are inflicted. *Jackson*, 955 F.2d at 22.  The subjective component requires that a prison

official had a sufficiently culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991);

*McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994).  In conditions of confinement cases, the relevant

state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts

from which the inference could be drawn that a substantial risk of serious harm exists, and he also

must draw the inference. *See, e.g., Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104

(1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1970); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). However, a negligent act cannot be the basis for liability under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Defendant Griswold, the dietary manager for IDOC, sets policy and determines the approved menus for inmates. Plaintiff claims that the lacto-ovo-vegetarian diet menu she issued for IDOC provides inadequate calories to maintain the proper health of an active adult male, and is nutritionally deficient, including harmful amounts of soy. At this point in the litigation, it cannot be determined whether Defendant Griswold's actions in determining the composition of the IDOC vegetarian diet were taken with knowledge of a risk of serious harm to the nutritional needs of inmates such as Plaintiff, were merely negligent, or indeed, whether scientific evidence may show that the diet is nutritionally adequate despite Plaintiff's allegations. Therefore, it would be inappropriate to dismiss the claim against Defendant Griswold at this time.

Defendants Winters, Brockhouse, and Lillard are food service managers at Menard who, according to Plaintiff, make decisions about what food will be served to inmates on a vegetarian diet. Plaintiff describes several examples where, on a recurring basis, Defendants Winters and Brockhouse deleted significant food items or reduced portion sizes below even the minimal requirements of the IDOC vegetarian menu guidelines, making the meals nutritionally inadequate. It is plausible to infer that these Defendants knew their actions created a substantial risk of serious

harm to inmates, but again, further proof may show they were merely negligent.  As noted above, it is not possible to determine at this stage whether the subjective intent of Defendants Winters and Brockhouse rose to the level of deliberate indifference; therefore, this claim shall proceed for further consideration.

As to Defendant Lillard, however, Plaintiff mentioned only two instances of deprivation, where he was fed boiled white potato as a substitute for the beans and rice that should have been on the menu.  These actions do not rise to the level of an objectively significant deprivation of Plaintiff's right to adequate nutrition.  For this reason, the claim against Defendant Lillard shall be dismissed without prejudice.

Defendant Gaetz determines the length of time inmates will be allowed to remain in the chow hall to consume their meals.  Plaintiff alleges that he has only four to seven minutes to eat his meal, because he and other vegetarians are at the end of the food line.  Plaintiff's allegation that the very short mealtime has, over time, deprived him of adequate nutrition and caused other health problems is sufficient to state an objectively serious denial of a basic human need for the purposes of this threshold review.  As to the subjective component of this claim–whether Defendant Gaetz's scheduling decisions were made with deliberate indifference to Plaintiff's need for adequate time to meet his basic nutritional needs–is not yet capable of being determined.  Therefore, this claim against Defendant Gaetz shall be allowed to proceed.

**Count 2 - Deliberate Indifference to Serious Medical Needs**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (per curiam).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106.  *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).  As discussed above in Count 1, there is both an objective and a subjective component to such a claim:  first, the medical condition must be objectively serious, and second, the defendant must have responded with deliberate indifference to that serious need.  *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

### A. Medical Need for Soy Free Diet

After enduring these health problems for an extended period of time, Plaintiff requested his doctors, Defendants Fuentens and Fahim, approve him for a soy free diet, yet they allegedly refused. Plaintiff acknowledges that he received some treatment from these Defendants, in the form of various medications for his ongoing digestive problems.  However, the medications were ineffective to resolve his problems, did not relieve his pain, and in fact caused other complications.  Here, Plaintiff alleges that the Defendants deliberately failed to address the cause of Plaintiff's illness – a reaction to the soy in his diet.  At this early stage of the litigation, it would be inappropriate to dismiss this claim against Defendants Fuentens and Fahim.

### B.  Failure to Treat Pain

Plaintiff claims that Defendants Fahim, Feinerman, and Fuentens never gave him any medication to relieve his persistent, severe abdominal pain, despite his complaints over many months. The length of time that Plaintiff claims to have suffered from severe unrelieved pain raises a concern that Defendants Fahim, Feinerman, and Fuentens may have been deliberately indifferent to Plaintiff's serious medical need for pain relief, thus this claim survives dismissal at this early

stage of the litigation.

### C.  Delay in Medical Testing and Care

Plaintiff claims that from approximately August to November 2009, Defendants Feinerman and Fuentens never ordered any tests to determine the reason for his persistent abdominal pain.  He states that Defendant Fahim took over his treatment in November 2009, and ordered a colonoscopy test for him on November 30, 2009.  However, the test was not performed until February 25, 2010, when it was determined that another colonoscopy would be needed at an outside hospital.  The second test was delayed until April 22, 2010.  The complaint states that some delay was caused by a lockdown in March 2010, and further delay was due to a committee's denial of the referral to the outside hospital, also in March 2010 (Doc. 1, p.23-24).  On April 19, 2010, Plaintiff was informed that his colonoscopy referral was approved.  Plaintiff claims that during the nearly five months of waiting for the final colonoscopy, his requests for treatment were put off by Defendant Fahim, who said he could not do anything else for Plaintiff until the test was done (Doc. 1, p. 22-25).  After the colonoscopy diagnosed Plaintiff with gastritis, Defendant Fahim followed some of the consultant's recommendations to change Plaintiff's medications.

"A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."  *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996).  Plaintiff does not give enough information to raise an inference that Defendants Feinerman or Fuentens were deliberately indifferent to his need for further testing during the approximate three-month period before Defendant Fahim first recommended the colonoscopy.  In addition, it appears that the delay in providing Plaintiff with the follow-up colonoscopy was not caused by Defendant Fahim, but by

factors beyond his control.  Additionally, Plaintiff's complaint indicates that he continued to receive medications during the time he was awaiting the colonoscopy.  Accordingly, he fails to state a claim for an unconstitutional delay in medical care, and this portion of his claim shall be dismissed with prejudice.

### D.  Corporate and State Agency Defendants

Plaintiff also names Wexford Health Sources, Inc. ("Wexford"), and the Menard Correctional Center Health Care Unit as Defendants in this action.  However, he makes no specific allegations of wrongdoing against either entity.

Defendant Wexford is a corporation that employs Defendants Fuentens, Fahim, and Feinerman, and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right.  *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).  *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff makes no allegation that any individual defendant acted or failed to act as a result of an official policy espoused by Defendant Wexford.  Therefore, the claim against Defendant Wexford must be dismissed without prejudice.

Defendant Menard Correctional Center Health Care Unit is a department or division within Menard and the Illinois Department of Corrections.  As such, it is an arm of the state and is immune from a suit for money damages under the Eleventh Amendment.  *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001).  *See also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (a state is not a "person" within the meaning of § 1983); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785,

788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).  Accordingly, the claim against Defendant Menard Correctional Center Health Care Unit shall be dismissed with prejudice.

**Count 3 - Infringement on Free Exercise of Religion by Failure to Provide Soy Free Vegetarian Diet**

The gravamen of Plaintiff's complaint is that he is suffering deprivations as a result of being fed toxic quantities of soy.  If he should prevail in his quest, outlined in Counts 1 and 2, to be provided with a nutritionally adequate vegetarian diet that is free of soy, he will no longer have any constraints on his ability to practice the tenets of his faith.  At this early stage, it is not possible to assess whether legitimate penological interests may exist that would outweigh Plaintiff's right to practice his religion.  Therefore, this claim, against Defendants Griswold, Gaetz, Winters, and Brockhouse, shall receive further consideration.

**Count 4 - Due Process/Failure to Respond to Grievances**

Plaintiff complains that he filed several grievances over the substantive issues raised in this action, but that Defendants Cowan, Stock, and Gaetz failed to respond to them.  He also alleges that Defendant Cowan systematically ignored or destroyed his grievances.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).  Although some of Plaintiff's other claims against Defendant Gaetz shall receive further consideration, Plaintiff cannot maintain

a claim against him for failing to address grievances.

Because prison grievance procedures are not constitutionally mandated and do not implicate the Due Process Clause, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli*, 81 F.3d at 1430. Plaintiff does not allege that either Defendant Cowan or Defendant Stock had any involvement in the conduct which gave rise to his grievances. Therefore, the alleged failure to address Plaintiff's grievances, and even the destruction of his grievances, cannot form the basis for a constitutional claim against Defendants Cowan and Stock.

For these reasons, Count 4 against Defendants Cowan, Gaetz, and Stock shall be dismissed with prejudice.

**Defendant Randle**

Plaintiff makes no allegations of wrongdoing against Defendant Randle. Plaintiff states that he included Defendant Randle because he has authority to correct all problems in IDOC and has the duty to maintain the safety and well being of prisoners (Doc. 1, p. 30).

However, supervisory authority cannot be the basis for liability in a civil rights action. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.

1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).  Accordingly, Defendant

Randle shall be dismissed from this action with prejudice.

**Pending Motion**

On October 31, 2011, Plaintiff filed a proposed Order to Show Cause for a Preliminary

Injunction and Temporary Restraining Order (TRO) (Doc. 10), and supporting Memorandum of Law

(Doc. 10-1).  The Court shall construe these documents as a motion for preliminary injunction and

TRO.  Plaintiff seeks an order requiring prison officials to provide him with a lacto-ovo-vegetarian

diet that meets U.S. Department of Agriculture dietary guidelines (which he enumerates in detail),

and prohibiting them from adding soy products to his diet.

A TRO is an order issued without notice to the party to be enjoined that may last no more

than 14 days. FED. R. CIV. P. 65(b)(2).  A TRO may issue without notice *only* if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate
> and irreparable injury, loss, or damage will result to the movant before the adverse
> party can be heard in opposition; and (B) the movant's attorney certifies in writing
> any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).  Additionally, the United States Supreme Court has emphasized that a

"preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless

the movant, *by a clear showing*, carries the burden of persuasion."  *Christian Legal Society v.*

*Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)

(emphasis in original))**.**  In considering whether to grant injunctive relief, a district court must weigh

the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long

been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood

that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an

injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999); *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009).

Without expressing any opinion on the merits of Plaintiff's claims for relief, the Court is of the opinion that neither a TRO nor a preliminary injunction should be issued in this matter at this time. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm before Defendants can be heard. Plaintiff also falls short of demonstrating that a preliminary injunction is warranted. Federal courts must exercise equitable restraint when asked to take over the administration of a prison.

Accordingly, the Court **DENIES** the motion for issuance of a temporary restraining order or preliminary injunction (Doc. 10).

**Disposition**

IT IS HEREBY ORDERED that **PARTS C and D of COUNT TWO,** and **COUNT FOUR,** fail to state a claim upon which relief may be granted, and thus are **DISMISSED** with prejudice. Defendants **LILLARD** and **WEXFORD HEALTH SOURCES, INC.,** are **DISMISSED** from this action without prejudice. Defendants **COWAN, RANDLE, STOCK,** and **MENARD CORRECTIONAL CENTER HEALTH CARE UNIT** are **DISMISSED** from this action with prejudice.

Plaintiff's claims in **COUNT ONE, PARTS A** and **B** of **COUNT TWO**, and **COUNT**

**THREE**, shall receive further consideration.  Therefore, **IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **BROCKHOUSE, FAHIM, FEINERMAN, FUENTENS, GAETZ, GRISWOLD**, and **WINTERS**  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: March 30, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge