IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MUNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-159-GPM-DGW |
| ) | |
| DONALD GAETZ, JIM WINTERS, SUZANN ) | |
| GRISWOLD-BAILEY, RONALD ) | |
| BROCKHOUSE, DR. FAHIM, DR. ) | |
| FEINERMAN, and DR. FUENTENS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Motion for Pavey Hearing Transcript filed on December 13, 2012 (Doc. 66), the Motion to Appoint Counsel filed on January 4, 2013 (Doc. 67), the Motion for Extension of Time, and the Motion for Experts filed both filed on January 25, 2013 (Docs. 68 and 69) by Plaintiff, James Munson.  For the reasons set forth below, the Motions are **DENIED WITHOUT PREJUDICE**.

**Motion for Pavey Hearing Transcript**

Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter and seeks a copy of the transcript of the *Pavey* hearing held on October 23, 2012.  The mere fact that Plaintiff is proceeding *in forma pauperis*, does not entitle him to documents filed with the Court at Court expense.  Plaintiff is required to pay for copies of any documents filed with the Court, including transcripts.

**Motion to Appoint Counsel**

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this

matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656.

Plaintiff has made a sufficient effort to contact counsel to represent him in this matter (Doc. 3). Nonetheless, counsel will not be appointed at this time. In this case, Plaintiff has alleged three related claims associated with the soy content in his diet: that his diet is nutritionally inadequate, that he did not receive appropriate medical care, and that he is prevented from practicing his religion because of his inability to maintain a vegetarian diet (again because of the soy content of this diet). These claims may require a dietary expert and may result in significant discovery related to the specific content of the soy based products that are part of the meals served to Plaintiff. These claims may also require a medical expert to outline the effects, if any, on the health of a person in light of the soy-based diet. Plaintiff further avers that he only has a "some high school" education level and that he is unfamiliar with legal proceedings and rules.

However, the Court notes that Plaintiff appears capable of asserting his claims in a coherent manner, he is capable of seeking various forms of relief, and has the ability to follow Court direction.  Plaintiff is intimately familiar with the effects of soy on his health and the pleadings in this matter show that he can seek out information to support his claim.   The Plaintiff appears competent to try this matter himself, without a Court appointed attorney.  The Court nonetheless retains the authority to revisit this issue once Defendant's Motion for Summary Judgment has been ruled on by the Court.

## Motion for Experts and Motion for Extension of Time

Discovery in this matter is stayed pending this Court's ruling on the exhaustion issue raised in Defendant's Motion for Summary Judgment.  The Court will take up any discovery related matters at that time.

**DATED: February 4, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**