IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MUNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-159-GPM |
| | ) |
| DONALD GAETZ, JIM WINTERS, | ) |
| SUZANN GRISWOLD, BROCKHOUSE, | ) |
| DR. FAHIM, DR. FEINERMAN, and DR. | ) |
| FUENTENS,[1] | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Defendants Suzann Griswold-Bailey, Ronald Brockhouse, Donald Gaetz, and Jim Winters's motion for summary judgment (Doc. 49). That motion seeks judgment for those Defendants on the issues of exhaustion of administrative remedies and qualified immunity. Defendants Doctors Fahim, Feinerman, and Fuentens have no pending motions. On Defendants' claim of failure to exhaust administrative remedies, Magistrate Judge Donald G. Wilkerson held an evidentiary hearing pursuant to *Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008) and has issued a Report and Recommendation on the matter (Doc. 71). That Report recommends this Court find Plaintiff has exhausted his administrative remedies, and recommends denying Defendants' motion for summary judgment on that basis. Upon consideration of the record and Magistrate Judge Wilkerson's Report, the Court **ADOPTS** the recommendation of the Magistrate

---

[1] Defendants are more fully identified in Defendants' filings as Suzann Griswold-Bailey and Ronald Brockhouse

Judge and finds that Defendants are not entitled to summary judgment on the issue of exhaustion. However, the Court **GRANTS in part** Defendants' motion for summary judgment on the basis of qualified immunity. Moving Defendants are entitled to qualified immunity. Plaintiff's claim as against Defendants Griswold-Bailey, Brockhouse, Gaetz, and Winters for damages is **DISMISSED.** The motion for summary judgment is not granted in full because Plaintiff brings claims for damages *and* for injunctive relief—and "the defense of qualified immunity does not protect defendants from an action for injunctive relief." *Hannemann v. Southern Door County School Dist.,* 673 F.3d 746, 758 (7th Cir. 2012).

**Factual Background**

Plaintiff James Munson filed this 42 U.S.C. § 1983 action claiming that Defendants: failed to provide him a nutritionally adequate vegetarian diet; acted in deliberate indifference to his serious medical needs by failing to address his negative reactions to soy in his diet and by failing to treat him for pain; and infringed on his free exercise of religion by their failure to provide a soy-free vegetarian diet (Docs. 1, 11). Plaintiff is a practicing Buddhist and a vegetarian. He claims that the high soy content in the IDOC vegetarian meals caused serious medical issues including weight loss, irritable bowel syndrome, chronic diarrhea, hemorrhoids, severe stomach cramps, and gallstones. Defendant Griswold is the dietary manager for IDOC, and Plaintiff claims the menu she approves are nutritionally deficient and include harmful amounts of soy. Defendants Brockhouse and Winters are food service managers at Menard, where Plaintiff was held, and Defendant Gaetz is the warden.

**Report and Recommendation on Exhaustion of Administrative Remedies**

Magistrate Judge Wilkerson held the *Pavey* hearing to take evidence on the issue of

administrative exhaustion. The Report and Recommendation subsequent to the *Pavey* hearing recommends this Court find Plaintiff did exhaust his administrative remedies (Doc. 71). No objections to the Report and Recommendation have been filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where–as here–neither timely nor specific objections to the Report and Recommendation are made (in this case no objections at all), pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Upon consideration of the Magistrate Judge's report and the evidence adduced at the *Pavey* hearing, the Court agrees with the findings and conclusions of Magistrate Judge Wilkerson. Plaintiff submitted formal grievances and formally inquired up the grievance chain-of-command. Plaintiff has shown enough to survive summary judgment on the issue of exhaustion, and the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation.

**Qualified Immunity**

"Generally, qualified immunity protects government agents from liability when their

actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. This involves two questions: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation. Whether the defendants are entitled to qualified immunity will depend on what constitutional affronts the plaintiffs argue." *Hernandez v. Cook County Sheriff's Office,* 643 F.3d 906, 914 (7th Cir. 2011) ( internal quotations and citations omitted).

To succeed in his claim that Defendants violated his Eighth Amendment rights by failing to provide him a nutritionally adequate diet, Plaintiff must demonstrate that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In the conditions-of-confinement context, an inmate must demonstrate a serious deprivation of basic human needs," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), or denial of the "minimal civilized measure of life's necessities," *Wilson v. Seiter,* 501 U.S. 294, 303 (1991). Second, he must show that prison officials acted with deliberate indifference to that risk, a subjective inquiry into a prison official's state of mind. *Farmer*, 511 U.S. at 838–39. As explained in *Farmer*, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. at 837. The prison official may be held liable only if he knows an inmate faces a substantial risk of serious harm and "disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "[A]n official's failure to alleviate a significant risk that he should have

perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Duckworth,* 780 F.2d at 653; *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).

Here, Defendants argue they are entitled to qualified immunity because no court has found soy to be inherently harmful, that an amount of soy ingested over a fixed threshold is harmful, or that inclusion of soy in a prison diet is unhealthy or nutritionally inadequate (Doc. 50). As there is no case law finding that soy-rich diets violate the constitution, no defendant would be informed that providing a high-soy diet violates an inmate's constitutional rights. Regarding prison diets generally, the Seventh Circuit has determined that a well-balanced diet that contains adequate nutritional value, despite being cold or poorly-prepared, does not violate the constitution. *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994) (quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977)). Among the limited caselaw regarding inmate soy diets specifically, the Fifth Circuit found frivolous an inmate's claim that his Eighth Amendment rights were violated when he became ill after being fed a soy-based meat substitute. *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998). More recently, a Florida District Court held that prison officials did not deprive the Eighth Amendment rights of an inmate who experienced gastrointestinal illness after eating soy-based foods. *Floyd v. McNeil*, No. 4:10-cv-289-RH/WCS, 2011 WL 6955839 (N.D. Fla. December 5, 2011). The Florida District Court determined that Plaintiff failed to demonstrate that the harm he experienced rose to the level of a constitutional injury; the evidence presented did not show denial of "the minimal civilzed measure of life's necessities." *Id.* at *6; *accord Catlin v. McNeil*, No. 11-cv-624-WS-GRJ (N.D. Fla. April 2, 2012). In this district, the Court has also found that

allegations of health problems associated with soy intake do not state a claim for damages where the inmate could not show that defendants knew of the risk of harm. *See Johnson v. Randle*, No. 10-cv-135-MJR-SCW, 2012 WL 1964996, *9, (S.D. Ill. May 31, 2012).   In that order, District Judge Michael Reagan also held that qualified immunity would shield defendants from damage claims. *Id.* at *11.

Likewise, Defendants here are entitled to qualified immunity on Plaintiff's Eighth Amendment claim that they were deliberately indifference to the effects of a soy-rich diet.   There is no demonstration of a constitutional violation here.   Though the Court is aware that soy-diet prison *litigation* is currently en vogue, Plaintiff has made no showing that Defendants knew a soy-heavy diet posed any risk.   Plaintiff also fails to pass the objective component of the constitutional test:   he has not demonstrated that the provided soy-heavy diet poses a substantial risk of serious harm.

The Court analyzes Plaintiff's First Amendment claim-- failure to provide a soy-free vegetarian diet infringed upon his religious expression-- under the substantial burden test. *Nelson v. Miller,* 570 F.3d 868, 877 (7th Cir. 2009).   "[A] prisoner's religious dietary practice is substantially burdened when the prison forces him to choose between his religious practice and adequate nutrition."   *Id.*   Plaintiff fails to show that a vegetarian diet containing soy is nutritionally inadequate, so he has not shown that Defendants violated a constitutional right. Plaintiff observed a vegetarian diet for religious purposes.   The prison provided him with a vegetarian diet that includes soy.   There is no showing that a diet containing soy is necessarily harmful.   There was no substantial burden on his religious practice.

While Defendants are entitled to qualified immunity on Plaintiff's claims for damages,

Plaintiff's claims for injunctive relief necessarily survive the qualified immunity analysis. *Morse v. Frederick,* 551 U.S. 393, 432 (2007) ("A 'qualified immunity' defense applies in respect to damages actions, but not to injunctive relief."). Therefore, only insofar as Plaintiff prosecutes a meritorious claim for injunctive relief against these moving Defendants do they remain in the action.

**Conclusion**

Defendants' motion for summary judgment (Doc. 27) is **GRANTED in part**. Defendants Griswold, Brockhouse, Gaetz, and Winters are entitled to qualified immunity.

**IT IS SO ORDERED.**

**DATED**: July 17, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge