IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES MUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-159-GPM-DGW |
| | ) | |
| DONALD GAETZ ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Joint Motion to Stay Discovery (Doc. 84) filed by Defendants, Suzann Griswold-Bailey, Ronald Brockhouse, Donald Gaetz, Jim Winters, Adrian Feinerman, Magid Fahim, and Fe Fuentes, on September 5, 2013; the Motion for Leave to File First Amended Complaint (Doc. 85) filed by Plaintiff, James Munson, on September 6, 2013; the Motion to Appoint Counsel (Doc. 87) filed by Plaintiff on September 6, 2013; the Motion for Extension of Time to File Response/Reply to Defendant's Motion for Summary Judgment (Doc. 91) filed by Plaintiff on September 27, 2013.  The Joint Motion to Stay Discovery is **GRANTED**, the Motion for Leave to File First Amended Complaint is **DENIED**, the Motion to Appoint Counsel is **DENIED**, and the Motion for Extension of Time is **DENIED AS MOOT**.

**Joint Motion to Stay Discovery**

This Court enjoys broad discretion in directing the course of discovery.  *See*  FED. R. CIV. P. 26; *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013).  The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.

*Landis v. North American Co.*, 299 U.S. 248, 254 (1936). How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Id*.

Discovery can be stayed if certain threshold or jurisdictional issues could be efficiently resolved prior to expensive discovery. *See Todd by Todd v. Merrell Dow Pharmaceuticals, Inc.*, 942 F.2d 1173, 1178 (7th Cir. 1991) ("Limiting discovery to a threshold issue is proper in a case that may be resolved upon summary judgment"); *Landstrom v. Illinois Dept. of Children and Family Services*, 892 F.2d 670, 674 (7th Cir 1990) (approving a stay in discovery pending a ruling on qualified immunity).

In this matter, Defendants seek to stay discovery pending the outcome of a Central District case concerning soy in prisoners' diets. In that case, *Harris*, *et al*. *v*. *Brown*, *et al*., the issue of whether the provision of soy in IDOC diets violates the Eighth Amendment to the United States Constitution has been fully briefed on the parties' motions for summary judgment. The motions specifically address the question of whether the inclusion of soy in the diet creates a serious risk of harm to the plaintiffs. The plaintiffs in *Harris* have an attorney and have retained experts in support of their cause. Further, similar suits in the Central District of Illinois have been stayed pending the outcome. *See*, *e.g*., *Flowers v. Wexford*, et al., 13-2118 (USDC-CDIL); *Adams v. Godinez*, et al., 12-3272 (USDC-CDIL). To avoid unnecessary duplication and litigation of the same issues, the discovery in this matter is **STAYED** pending the outcome of *Harris*, *et al*. *v*. *Brown*, *et al*.,. Defendants are **ORDERED** to file a notice with this Court within 30 days of entry of judgment in *Harris*.

### Motion for Leave to File First Amended Complaint

Federal Rule of Civil Procedure 15(a) instructs district courts to freely grant parties leave

to amend when justice so requires. "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, of if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 747 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-849 (7th Cir. 2002)). If an amended claim would not survive a motion to dismiss, the amendment is futile. *Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must provide only "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegation, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citations omitted). In making this assessment, the court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. *Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009). Plaintiff, however, cannot amend his complaint to include only an unrelated claim that occurred after he initiated this action. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Unrelated claims against different defendants belong in different suits in part to ensure that prisoners pay the required filing fees).

After Plaintiff filed his initial Complaint, this Court conducted a merit review and found that he could proceed on the following claims: (1) failure to provide a nutritionally adequate diet; (2) deliberate indifference to serious medical needs (against co-Defendants only); and (3) infringement on Plaintiff's ability to freely exercise his religion by failing to provide a soy-free diet that conformed to Plaintiff's religious beliefs. In his proposed amended complaint, Plaintiff

alleges that he was denied medical treatment by Dr. Robert Shearing and that Wexford Health Sources, Inc. and Warden Richard Harrington failed to intervene on his behalf. These allegations, however, took place beginning April 2013, two years after Plaintiff filed his initial Complaint. Plaintiff does not seek to amend his Complaint, Plaintiff seeks to file a wholly different complaint by substituting his new Eighth Amendment claim for his prior Eighth Amendment and First Amendment claims. As such, Plaintiff's motion for leave to file an amended complaint is **DENIED**.

### Motion to Appoint Counsel

This Court has denied Plaintiff's Motions to Appoint Counsel on three occasions (Docs. 8, 48, 70). As this Court previously found, Plaintiff appears competent to try this matter himself, without a Court appointed attorney. The Court nonetheless retains the authority to revisit this issue once the stay has been lifted and Defendant's Motion for Summary Judgment has been ruled on by the Court.

### Motion for Extension of Time

Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment is **MOOT** as this Order **STAYS** all discovery and deadlines in this matter. Plaintiff may respond or file a motion for extension of time once the stay has been lifted.

**IT IS SO ORDERED.**

**DATED:** October 7, 2013

                                                           **DONALD G. WILKERSON**
                                                           **United States Magistrate Judge**