IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MUNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:11-CV-159-MAB |
| | ) |
| DONALD GAETZ, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the Bill of Costs filed by Defendants Magid Fahim, Adrian Feinerman, and Fe Fuentes (Doc. 267),[1] and Plaintiff's objections thereto (Doc. 274). For the reasons explained below, Plaintiff's objections are overruled in part and Defendants are awarded a portion of their costs.

Plaintiff James Munson, an inmate in the Illinois Department of Corrections, sued prison officials, asserting that a soy-based diet restricted his religious practice in violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc–1(a)(1) & (2), and caused medical issues to which doctors were deliberately indifferent in violation of the Eighth Amendment (*see* Docs. 204, 217). Defendants Magid Fahim, Adrian Feinerman, Fe Fuentes, James Keller, Jeremy Kohn, and Deanna Brookhart moved for

---

[1] The IDOC Defendants, James Keller, Jeremy Kohn, and Deanna Brookhart, did not file a Bill of Costs.

summary judgment and their motions were granted (Doc. 264). The case was dismissed, and judgment was entered in Defendants' favor on September 29, 2021 (Doc. 266).

Defendants Fahim, Feinerman, and Fuentes filed their Bill of Costs on October 5, 2021, seeking $537.05 in costs (Doc. 267). Plaintiff asserts that he should not be required to pay the costs because he is indigent and although his suit was ultimately unsuccessful, it was filed in good faith and was not frivolous, malicious, or vexatious (Doc. 274).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. There is a "strong presumption that the prevailing party will recover costs . . . ." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *accord Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022); *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The burden is on the non-prevailing party to overcome this presumption by making "an affirmative showing that taxed costs are not appropriate." *Lange*, 28 F.4th at 845 (citation omitted); *Rivera*, 469 F.3d at 636. "This presumption in favor of awarding costs 'is difficult to overcome'; therefore, 'the court must award costs unless it states good reasons for denying them.'" *Lange*, 28 F.4th at 845 (quoting *Weeks*, 126 F.3d at 645). The decision of whether and to what extent the prevailing party may be awarded costs is committed to the district court's discretion. *Lange*, 28 F.4th at 846; *Weeks* 126 F.3d at 945.

The presumption that costs are to be awarded to the prevailing party can be overcome by a showing of indigency. *Rivera*, 469 F.3d at 634 (citing *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)); *Weeks* 126 F.3d at 945. Indigence, however,

"does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera*, 469 F.3d at 635. In determining whether to hold an indigent party liable for costs, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The burden is on the indigent party "to provide the district court with sufficient documentation to support such a finding," in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635 (internal quotation marks and citation omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* "No one factor is determinative." *Id. See also Lange*, 28 F.4th at 846 ("A showing of good faith alone, however, is insufficient to shield a losing litigant from paying costs.") (citation omitted).

Here, Plaintiff was granted *pauper* status when this action commenced (Doc. 8), and he has been continuously incarcerated throughout the course of this litigation. While Plaintiff did not include any documentation regarding his income or expenses with his Objections (*see* Doc. 274), he submitted a motion for leave to proceed *in forma pauperis* on appeal ("IFP motion") along with a copy of his trust fund statement about one month after he filed his Objections to the Bill of Costs (Doc. 289). In the IFP motion, Plaintiff attested that he received an income of $10 per month from the State of Illinois but had no other income of any sort and no assets, but also no expenses (Doc. 289). Despite his assertion that he only received $10 a month from the State, Plaintiff's trust fund statement

shows that Plaintiff had an account balance of over $1,300 when he filed his Objections on October 21, 2021, thanks to a $1,200+ deposit of unknown origin in August 2021 and several other deposits from family and/or friends (*see* Doc. 289, pp. 11–12). By the end of October 2021, Plaintiff's account balance was down to $695.94 after sending money to a family member (*Id.*). Based on all of the information before the Court, it appears that Plaintiff was capable of paying Defendants' costs at the time they were sought in early October 2021. As for his future ability to pay Defendants' costs, Plaintiff did not provide any provide any information (*see* Doc. 274), but the Court notes that according to the Department of Corrections' website, Plaintiff remains incarcerated and is serving a life sentence.

Turning to the amount of the costs, Defendants seek a total of $537.05. That sum, while not astronomical, is substantial to a prisoner proceeding *in forma pauperis.* Furthermore, the Court finds that this action was not frivolous and believes Plaintiff's pursuit of this action was in good faith. That being said, the issues presented Plaintiff's case were not close or difficult in light of all the evidence, and Plaintiff did not prevail on any of his claims. For that reason, the Court concludes that Plaintiff should not be completely relieved of the obligation to pay Defendants' costs. *See Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 734 (7th Cir. 1999) ("Someone has to bear the costs of litigation, and the winner has much the better claim to be spared them . . . . Straitened circumstances do not justify filing weak suits and then demanding that someone else pay the bill."). But the Court must ask whether Plaintiff should be obligated to pay *all* of Defendants' claimed costs. Although, Plaintiff did not identify any basis for a finding that

he was presently incapable of paying Defendants' costs or will be in the future, the Court cannot ignore that Plaintiff is incarcerated and there were times during these proceedings his trust fund did not have a balance anywhere near the $1,300 he had in October 2021 (*see* Docs. 2, 8 (showing average monthly deposits of around $37 in December 2010), Docs. 176-1, 178 (showing average monthly deposits of around $66 in September 2016)). The total amount sought by Defendants is substantial in light of Plaintiff's incarceration. Therefore, the Court will reduce the amount he owes to 50% of the requested costs, which the Court finds reasonable under the circumstances. That amount allows Defendants to recover a portion of the costs they were forced to incur and imposes a measure of accountability on Plaintiff.

## CONCLUSION

The Court **OVERRULES in part** Plaintiff's objection to costs and reduces the amount he owes to 50% of the requested costs. The Court **ORDERS** an award of costs in the amount of $268.52 for Defendants Fahim, Feinerman, and Fuentes. The Clerk of Court shall tax costs in this amount against Plaintiff.

**IT IS SO ORDERED.**

**DATED: July 13, 2022**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**