## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES MUNSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 3:11-CV-159-MAB |
| ) | |
| DONALD GAETZ, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff James Munson's Motion for Objections to Bill of Costs (Doc. 300) and Defendants' response thereto (Doc. 303). For the reasons explained below, the motion is denied.

### PROCEDURAL HISTORY

Plaintiff James Munson, an inmate in the Illinois Department of Corrections, originally filed this case in March 2011, asserting that a soy-based diet restricted his religious practice in violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc–1(a)(1) & (2), and caused medical issues to which doctors were deliberately indifferent in violation of the Eighth Amendment (*see* Docs. 204, 217). This case has been appealed to the Seventh Circuit twice. The first time, the Seventh Circuit reversed the district court's grant of summary judgment, finding that the court erred in staying discovery pending resolution of a similar case in the Central District of Illinois, and then later denying Plaintiff's Rule 56(d) motion seeking to conduct his own discovery

(Doc. 191-1). On remand, new counsel was recruited for Plaintiff and Plaintiff filed an amended complaint (*see* Doc. 264, pp. 2–3). After the parties engaged in discovery, Defendants once again moved for summary judgment (*see id.* at p. 3). Their motions were granted and Plaintiff appealed to the Seventh Circuit for the second time (*Id.*; Doc. 277). In the meantime, Defendants Magid Fahim, Adrian Feinerman, and Fe Fuentes filed a Bill of Costs (Doc. 267), to which Plaintiff objected (Doc. 274). On July 13, 2022, the Court entered an order overruling Plaintiff's objection in part and awarding Defendants $268.52 in costs, which was 50% of the amount they had requested (Doc. 296).

On November 17, 2022, the Seventh Circuit issued its opinion affirming the judgment of the district court (Doc. 298-1). That same day, the Seventh Circuit issued its Final Judgment, which stated "The judgment of the District Court is affirmed, *with costs*, in accordance with the decision of this court entered on this date." (Doc. 298-2) (emphasis added). *See* FED. R. APP. P. 39(a)(2) ("The following rules apply unless the law provides or the court orders otherwise . . . if a judgment is affirmed, costs are taxed against the appellant."). Appellees Fahim, Feinerman, and Fuentes filed a Bill of Costs with the Seventh Circuit on November 21, 2022, seeking $144.00 for the cost of printing or otherwise reproducing their brief. *Munson v. Keller, et al.,* 7th Cir. Case No. 21-3008, (Doc. 40). *See* FED. R. APP. P. 39(d)(1) ("A party who wants costs taxed must—within 14 days after entry of judgment—file with the circuit clerk and serve an itemized and verified bill of costs."). Plaintiff did not file an objection to the Bill of Costs. *See* FED. R. APP. P. 39(d)(2) ("Objections must be filed within 14 days after service of the bill of costs, unless the court extends the time."). The Seventh Circuit then issued its mandate on December 9, 2022,

which included a Bill of Costs taxed in favor of Appellees Fahim, Feinerman, and Fuentes in the amount of $144.00 (Doc. 298). *See* FED. R. APP. P. 41(a) ("[T]he mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs.").

Upon receiving the mandate, the Clerk of the District Court entered a "Notice re Taxation of Costs," which stated:

> You are notified that a Bill of Costs has been filed in this action. These costs will be adjusted and taxed by this office pursuant to Federal Rule of Civil Procedure 54(d) on December 23, 2022. Objections to these costs, if any, shall be filed on or before this date pursuant to SDIL-LR 54.2.

(Doc. 299). Plaintiff accordingly filed an objection on December 20, 2022, asking the Court to waive the costs because he has proceeded in good faith and *in forma pauperis* throughout the 10-plus years this case was litigated (Doc. 300). Defendants filed a response in opposition (Doc. 303).

## DISCUSSION

Plaintiff did not specify whether he was objecting to this Court's award of costs or the Court of Appeals' award of cost (*see* Doc. 300). To the extent it is the former, Plaintiff simply rehashes the arguments that this Court already considered when it decided to award Defendants 50% of the costs they sought (*see* Doc. 296). Plaintiff has therefore failed to provide a persuasive reason, or any legal authority, for this Court to reconsider its previous order imposing costs against him.

To the extent Plaintiff's objection pertains to the Seventh Circuit's award of costs, it is a nonstarter. Plaintiff waived his right to challenge the Seventh Circuit's award of

costs by failing to file a timely objection in that court to Defendant's bill of costs. **See** *McGill v. Faulkner*, 18 F.3d 456, 458–59 (7th Cir. 1994); *see also* FED. R. APP. P. 39(d)(2) ("Objections must be filed within 14 days after service of the bill of costs, unless the court extends the time."). Moreover, this Court has *no authority* to modify or alter the Seventh Circuit's award of costs. *City of San Antonio, Texas v. Hotels.com*, 539 U.S. ---, 141 S. Ct. 1628, 1634, 1636 (2021) (Federal Rule of Appellate Procedure 39 "gives discretion over the allocation of appellate costs to the courts of appeals. . . . [D]istrict courts cannot exercise a second layer of discretion" or "alter that allocation."); *Whitfield v. Scully*, 241 F.3d 264, 274–75 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016) (district court's refusal to modify appellate court's award for appellate printing costs was proper, as district court lacked authority over appellate costs not specifically mentioned in Rule 39); *Globe Indem. Co. v. Puget Sound Co.*, 154 F.2d 249, 251 (2d Cir. 1946) (holding district court had no power to modify appellate court's judgment by awarding appellate costs that appellate court had already refused to award); *Mims v. Arrow Fin. Servs., LLC*, 900 F. Supp. 2d 1336, 1342 (S.D. Fla. 2012) (where the Supreme Court entered a cost award, district court had no authority to supplement that determination by awarding additional printing or copying costs that the Supreme Court did not reimburse on its own accord); *Skeoch v. Ottley*, 278 F.Supp. 314, 316 (D.V.I. 1968) (where appellate court had entered judgment with respect to costs incurred before that court, district court lacked the power to modify or supplement that judgment).

For these reasons, Plaintiff's Motion for Objections to Bill of Costs (Doc. 300) is **DENIED**.

IT IS SO ORDERED.

DATED: October 6, 2023

s/ Mark A. Beatty
MARK A. BEATTY
United States Magistrate Judge